604 P.2d 716

Fred H. OSTERLOH and Carolyn Osterloh, husband and wife, Plaintiffs-Appellants,

v.

The STATE of Idaho and all other persons known or unknown claiming any right, Title, Estate, Lien or Interest in any of the Real Estate Described as Follows: A tract of land in Section 21, T. 9 S., R. 38 E., B.M., more particularly described as follows: Beginning at a point that is South 72°32′ E. 3822.86 feet from the West ¼ corner of Section 21, T. 9 S., R. 38 E.B.M.; thence N. 47°48′ E. 65.55 Feet; Thence N. 72°15′ E. 34.12 feet; thence N. 87°20′ E. 91.0 feet; thence S. 48°22′ E. 64.22 feet; thence S. 20°39′ E. 98.78 feet; thence S. 2°36′ E. 74.48 feet to the North bank of the Portneuf River; thence along said bank of the Portneuf River N. 84°05′ W. 100.48 feet thence continuing along said bank N. 55°26′ W. 128.68 feet; thence continuing along said bank N. 37°44′ E. 85.30 feet, more or less to the point of beginning, containing 0.822 acres, more or less, Defendants-Respondents.

No. 12698.

Supreme Court of Idaho.

Dec. 10, 1979.

Steven A. Tuft, of Church, Church & Snow, Burley, Elliott Lee Pratt of Clyde & Pratt, Salt Lake City, Utah, for plaintiffs-appellants.

Wayne L. Kidwell, Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for defendants-respondents.

PER CURIAM.

The trial court on defendants' motion to dismiss, or alternatively for summary judgment, dismissed this quiet title action. The motion was based upon the bar of the statute of limitations, I.C. § 5–203.

The defendant, however, primarily argued for dismissal on the basis of laches on the part of plaintiffs—which was said to arise out of the fact that a prior quiet title action involving the same parties and the same parcel of real property had been dismissed, since which time the defendant, as asserted in supporting affidavits, had made certain improvements to, and use of some of the property. Plaintiffs' opposing affidavit showed payment of taxes, allegedly on the parcel in question, and statements controverting the extent of the defendant's claimed use and improvement of the property.

The trial court by order without opinion dismissed on the basis of laches, signing counsel-prepared findings to the effect that plaintiffs had delayed thirteen years since the dismissal of the first suit to the filing of

this action, and that defendant had improved all or substantially all of the parcel involved, using it as a parking lot.

 We hold that the summary judgment should not have been entered. Whether or not a party is guilty of laches ordinarily is a question of fact. *Huppert v. Wolford*, 91 Idaho 249, 420 P.2d 11 (1966). The California Supreme Court made a thorough discussion of laches as a defense to a quiet title action, and concluded that "[l]aches does not bar the quieting of title if the party asserting the defense fails to demonstrate that he was in adverse possession of the contested property during the period of delay." *Gerhard v. Stephens*, 68 Cal.2d 864, 69 Cal.Rptr. 612, 643, 442 P.2d 692, 723 (1968).

 We think that as a general proposition a motion for summary judgment would be better made in a quiet title action only after the defendant has answered and the issues are framed. Here the defendant, without answering, sought the dismissal of the action on the bar of the statute of limitations. While Rule 12(b) provides that certain defenses therein set forth may be raised by motion to dismiss, the defense of the bar of the statute of limitations is not included. Nor is the defense of laches. Yet here we have the parties attempting to try on affidavits the unpleaded defense of laches, which defense ordinarily requires a thorough presentation of all the relevant facts and is a factual determination. In this particular case the location of the parcel in question is also in dispute allegedly because of a channel change in the river, and the defendant may actually have record title to the land to which it lays claim as an adverse possession. If the record title to the disputed parcel is in the plaintiffs, they are clothed with a statutory presumption of seizin and possession. I.C. § 5–206. *Beneficial Life Ins. Co. v. Wakamatsu*, 75 Idaho 232, 270 P.2d 830 (1954). The fact of possession and the extent of possession are factual issues which should be resolved.

The finding [1] signed by the court recognized that the defendant did not claim to have adversely possessed all of the disputed parcel.

"While the parties must bear most of the responsibility for the incongruous status of this controversy because of their failure to properly plead and prove their claims, no judicial system can tolerate the result reached in this case . . . ." *Hook v. Horner*, 95 Idaho 657, 663–64, 517 P.2d 554, 560–61 (1973).

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

SHEPARD, J., dissents without opinion.

---

1. We mention that findings were prepared and signed by the court, although the court did not request findings. We do not intimate that findings are required on an order granting a summary judgment.